UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAREY HARDEN-BEY #157006,

Plaintiff,

v.

L. RUTTER, et al.,

Defendants.

Case No. 2:06-cv-7

HON. R. ALLAN EDGAR

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I. Factual Allegations**

Plaintiff Carey Harden-Bey, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Inspector L. Rutter, Hearing Investigator B. Hobson, Hearing Officer G. Heisler, Retired Assistant Deputy Warden R. Bobo, Warden D. Bergh, Regional Prison Administrator J. MacMeekin, and Deputy Director D. Straub. Plaintiff alleges in his complaint that on September 18, 2002, he was placed in administrative segregation based on information from an illegal Notice of Intent (NOI) created by Defendant Rutter. Plaintiff requested a hearing, an investigation and all relevant documents and witnesses. On September 18, 2002, the reviewing officer failed to provide Plaintiff with any of the documents or witness statements. On September 23, 2002, Defendant Hobson refused to release any information prior to the hearing. On September 26, 2002, Defendant Heisler conducted an unfair hearing in which he failed to adhere to standard hearing procedures. Plaintiff was subsequently reclassified to administrative segregation by Defendant Bobo.

Plaintiff states that on October 15, 2002, he filed a request for rehearing, which was denied on December 19, 2002. On December 16, 2002, Plaintiff received a good administrative segregation interview report. On January 13, 2003, Plaintiff filed a request for declaratory ruling with the MDOC Director's office, which was denied on March 24, 2003. Plaintiff filed a grievance and appealed the denial to step III. Plaintiff states that his administrative remedies were exhausted as of April 4, 2003.

On June 25, 2003, Plaintiff received an administrative segregation interview report from Resident Unit Officer G. Hart, who stated that he did not know what to write in Plaintiff's case

because he had been instructed to just pass out the report, which was already filled out when he received it. Plaintiff filed administrative complaints regarding the alleged improprieties with his placement in administrative segregation, to no avail.

Plaintiff asserts that his security classification and his continued placement in administrative segregation is unsupported by any real evidence in violation of his constitutional rights. Plaintiff seeks both damages and equitable relief.

## II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff appears to be claiming that his confinement in administrative segregation violates his Fourteenth Amendment due process rights. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v.*

*Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). In this case, Plaintiff claims that he has been in administrative segregation for over three years following a hearing on a NOI. The length of the placement is not determinative. *See Jones*, 155 F.3d at 812. Although Plaintiff does not attach copies of the hearing report on the NOI, he does attach copies of his grievances and the responses to those grievances. According to the step II response to grievance No. LMF-02-12-5244-08a, dated January 16, 2003, the NOI on Plaintiff was upheld by the Hearings Division, which found that Plaintiff had clearly demonstrated he was a serious threat to the physical safety of other prisoners and staff. Plaintiff has failed to make any allegations which show that his segregation is "atypical and significant." Consequently, the court concludes that no liberty interest is implicated by his placement.

Plaintiff makes a conclusory assertion that his continued confinement in administrative segregation violates his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated

should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

Finally, Plaintiff appears to be claiming that his continued confinement in administrative segregation constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9(1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied

basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: *February 17, 2006*

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE