UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| CAREY HARDEN-BEY #157006, | ) |
| | ) |
|        Plaintiff, | )   Case No. 2:06-cv-7 |
| | ) |
| v. | )   HON. R. ALLAN EDGAR |
| | ) |
| L. RUTTER, et al., | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

**OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's conspiracy, equal protection and retaliation claims for failure to state a claim. The Court will serve the complaint with regard to Plaintiff's due process claims, as well as his Eighth Amendment claim regarding the seizure of his medical supplies.

**Discussion**

I.      Factual allegations

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, which was initially dismissed by the court on February 17, 2006. In Plaintiff's original complaint, he asserted that his confinement in administrative segregation violated his due process, equal protection and Eighth Amendment rights. Plaintiff appealed the dismissal to the Sixth Circuit Court of Appeals. On May 12, 2008, the Sixth Circuit reversed and remanded the dismissal with regard to Plaintiff's due process claim only. Plaintiff has now filed a motion to amend (docket #32) his complaint, along with a proposed amended complaint, which the court will grant.

Plaintiff names as Defendants Inspector L. Rutter, Hearing Investigator B. Hobson, Hearing Officer G. Heisler, Retired Assistant Deputy Warden R. Bobo, Warden D. Bergh, Regional Prison Administrator J. MacMeekin, and Deputy Director D. Straub. Plaintiff alleges in his complaint that on September 18, 2002, he was placed in administrative segregation based on information from an illegal Notice of Intent (NOI) created by Defendant Rutter. Plaintiff requested a hearing, an investigation, and all relevant documents and witness statements. On September 18, 2002, the reviewing officer failed to provide Plaintiff with any of the documents or witness statements.

On September 23, 2002, Plaintiff was taken before Hearing Officer L. Maki, and the complete hearing packet was read, except for one section, which was marked confidential. Hearing Officer Maki ordered that some of the "confidential" information be released to Plaintiff, so that he could defend himself. Maki stated:

> Prisoner did not waive time limit, Prisoner is correct: the NOI fails to outline facts of the alleged behavior. The sufficient information should be released to prisoner to enable him to defend against the

> factual allegations that may be used to establish that he is a serious threat to the physical safety of the facility. Prisoner must be given 24 hours written notice of these facts and have an opportunity for a [sic] investigation.

Plaintiff states that Defendants Rutter and Hobson failed to release this information to Plaintiff. On September 25, 2002, Defendant Heisler conducted an unfair hearing in which he failed to adhere to standard hearing procedures. Plaintiff was subsequently reclassified to administrative segregation by Defendant Bobo.

Plaintiff also alleges that on September 18, 2002, his ankle braces were confiscated, causing Plaintiff to have unstable lateral bipedal movement. On November 12, 2002, Plaintiff lost his balance and struck and injured his left arm and shoulder. Plaintiff further claims that on July 17, 2004, his orthopedic boots were confiscated, which caused a number of injuries, including pain and partial paralysis of his left foot and leg, severe pain in his thoracic and lumbar spine, and irreversible deformity of Plaintiff's left leg.

Plaintiff claims that Defendants conspired to discriminate against him on the basis of his race and religion and that they desired to retaliate against him for his use of the grievance system. Plaintiff states that Defendants violated his rights under the First, Eighth and Fourteenth Amendments.

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff's equal protection claim regarding his placement in administrative segregation was dismissed on February 17, 2006. This dismissal was affirmed by the Sixth Circuit Court of Appeals. Therefore, the court need not address this claim.

Plaintiff now asserts that Defendants' conduct was motivated by a desire to retaliate against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.

Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants acted because Plaintiff had filed grievances against them. Accordingly, his speculative allegation fails to state a claim.

In his amended complaint, Plaintiff adds a claim that Defendants violated his Eighth Amendment rights when they seized his ankle braces and orthopedic boots. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In this case, Plaintiff claims that the deprivation of medical supplies which had been ordered by a doctor resulted in permanent injuries to him. Therefore, this claim may not be dismissed on initial screening.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's conspiracy, equal protection and retaliation claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. §

1997e(c).  The Court will serve the complaint against the named defendants with regard to Plaintiff's due process claims, as well as his Eighth Amendment claims regarding the seizure of his medical supplies.

        An Order consistent with this Opinion will be entered.


Dated: 10/16/08                          */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United States District Judge