UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAREY HARDEN-BEY,

        Plaintiff,

v.                                        Case No. 2:06-cv-7
                                        HON. R. ALLAN EDGAR

B. HOBSON, et al.,

        Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 19, 2009. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        In his objections, Plaintiff contends that the Magistrate Judge improperly found that his claims regarding the confiscation of his ankle braces in 2002 and orthopedic boots in 2004 were barred by the statute of limitations. Plaintiff states that the Magistrate Judge relied on the wrong statute of limitations. However, as noted in the report and recommendation, the statute of limitations is three years for civil rights suits filed in Michigan under § 1983. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Plaintiff also claims that several doctors offered to prescribe the ankle braces and orthopedic boots over the course of his incarceration, so

that the statute of limitations did not begin running in 2002 and 2004. However, Plaintiff fails to support this assertion with specific factual allegations. Therefore, this objection lacks merit.

Plaintiff also states that the Magistrate Judge erred in recommending dismissal of his Eighth Amendment claims because he was suffering from a serious medical need. However, a review of the records reveals that on June 25, 2004, Dr. Badawi Abdellatif, M.D., examined Plaintiff, found no disability in his feet or ankles, and discontinued the orthopedic boot detail. (Defendants' Exhibit R, p. 5.) Plaintiff fails to come forward with any evidence contradicting this finding. Therefore, Plaintiff's objections lack merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (docket #62) is GRANTED and Plaintiff's action will be dismissed in its entirety.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:        9/21/09              _____/s/ R. Allan Edgar_____
                                   R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE